UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:02-CV-790 WL |
| | ) | |
| MARVIN MILLER, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

On January 5, 2007, this Court held an in-court hearing on Plaintiff the United States of America's (United States) motion to show cause. This Court now enters its ruling on all pending matters.

**I.  PROCEDURAL HISTORY**

This case was originally filed on November 5, 2002. The United States claimed the Defendant Marvin Miller failed to pay assessed taxes. On April 4, 2003, the United States received a judgment against Marvin Miller in the amount of $302,019.94. Marvin Miller appealed, but the judgment was affirmed by the 7th Circuit on March 25, 2004.

Over two years later, the United States is now seeking to enforce its judgment. On August 11, 2006, the United States issued a subpoena directed to a third party, Insurance Consultants of Knox, Inc., (Knox). On August 15, 2006, the subpoena was served upon Jerry Miller, who is president of Knox. On August 25, 2006, Jerry Miller sent a response to the United States. Jerry Miller stated that even though he was president of Knox, he did not have control of the items requested by the United States's subpoena. He indicated that the secretary-treasurer of Knox kept and maintained all of Knox's records.

By September 8, 2006, the secretary-treasurer of Knox apparently received the subpoena because he sent the United States a detailed response.[1]  The secretary-treasurer of Knox, coincidentally, is Marvin Miller, the Defendant in this lawsuit.  At no time has Marvin Miller or Knox surrendered the documents requested by the United States subpoena.

On October 20, 2006, the United States filed a motion to show cause, which asked this Court find Knox, Jerry Miller, and/or Marvin Miller in contempt for failing to comply with the subpoena.  On October 23, 2006, Magistrate Judge Cosbey granted and set a hearing on the United States's motion to show cause.

However, on November 15, 2006, Defendant Marvin Miller moved to transfer this case to the South Bend District.  On November 17, 2006, Judge Lee granted Marvin Miller's motion and referred this case to the undersigned for all post-judgment proceedings.

On January 5, 2007, this Court held an in-court hearing on the United States's motion.  Jerry Miller and Defendant Marvin Miller appeared *pro se* at the hearing.  This Court directed the parties to submit their arguments on the motion by January 12, 2007.  Not only did the parties present their arguments, but Knox also filed on January 10, 2007, a motion to quash the original subpoena from August 11, 2006.  This Court may rule on these matters pursuant to its referral order and 28 U.S.C. § 636(b)(1)(B).

**II.    ANALYSIS**

   A.    Facts

---

[1] This Court notes that at no time has Marvin Miller filed a response to the subpoena with this Court.  While Marvin Miller raises arguments based on the 5th amendment in his response to the United States, no such response has ever been filed in this Court.  As a result, no arguments based on the 5th amendment, or other arguments raised by Marvin Miller in that communication, are before this Court.  Furthermore, this Court notes that these arguments, even if they were considered, are futile at best based on United States v. Insurance Consultants of Knox, Inc., 187 F.3d 755 (7th Cir. 1999).

The subpoena asks Knox to produce various corporate documents including: articles of incorporation and by-laws, stock certificates and other documents showing ownership of stock, minutes of all shareholder and director meetings, all corporate financial documents or other records since January of 2002, and all documents and other records relating to commissions since January of 2002.  The documents were to be produced by September 12, 2006.  None of the boxes next to the "YOU ARE COMMANDED" language was checked or marked on the subpoena.  The subpoena was served in person to Jerry Miller, president of Knox, by Thomas Stier.

B.     Knox's Motion to Quash

Knox moves to quash the subpoena under Fed. R. Civ. P. 45(c)(3)(A)(iv) claiming that the subpoena subjects them to undue burden.[2]  To determine whether a subpoena is unduly burdensome, a court weighs a number of factors including relevance, need, the breadth of the document request, the time period covered by it, the particularity with which the documents are requested, the burden imposed, and non-party status. WM High Yield v. O'Hanlon, 2006 WL 3197152 at 4 (S.D. Ind. 2006); Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc., 211 F.R.D. 658, 662-63 (D. Kan. 2003).  A court may modify or quash the subpoena if it subjects a person to an undue burden or requires the disclosure of privileged or other protected matter and no exception or waiver applies.  Fed. R. Civ. P. 45(3)(A)(iii), (iv); Bonutti v. Lehman Bros., Inc., 2005 WL 2848441 at 2 (N.D. Ill. 2005).  A party seeking to quash a subpoena bears the burden of proving that it is unduly burdensome.  See LaSalle Nat. Assoc. v. Nomura Asset Capital Corp., 2003 WL 21688225 at 1 (N.D. Ill. 2003); Miscellaneous Docket

---

[2]Fed. R. Civ. P. 45(c)(3)(A) states in part, "[o]n timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it . . . (iv) subjects a person to undue burden."

3

Matter No. 1 v. Miscellaneous Docket Matter No. 2, 197 F.3d 922, 925 (8th Cir. 1999); Plant Genetic Systems, N.V. v. Northrup King Co., Inc., 6 F. Supp. 2d 859, 862 (E.D. Mo. 1998) (citing Heat & Control v.Hester Indus., Inc., 785 F.2d 1017, 1025 (Fed. Cir. 1986)).

Knox argues that the subpoena request by the United States, specifically the minutes of all shareholder meetings and all financial records after 2002, are over broad, and to require Knox to produce all of them would cause an undue burden.  Knox fails to otherwise articulate how it would be burdensome to produce the documents from the limited time period requested by the United States.  Knox does not provide this Court with any specific or approximate numbers of documents that the subpoena covers, and Knox does not provide this Court with any other evidence to suggest that the United State's request is unduly burdensome.  The only number Knox provides is 1, 565 business days, and then Knox questions how can all documents from this many days can not be seen as burdensome.  Again, providing this Court with a time span does not provide this Court with any insight to the amount or number of documents.  Without some idea of how many documents the subpoena in fact requests, this Court simply cannot make a determination that the request is unduly burdensome.  Simply put,  Knox, as the moving party to quash the subpoena, has failed to carry its burden.

Furthermore, the subpoena appears to be valid on its face.  The materials that the United States seeks are relevant.  The United States believes that Defendant Marvin Miller has an interest in Knox or receives compensation from Knox.  Corporate financial documents and records will indicate if Marvin Miller has received any income or compensation.  Also, the stock certificates and other documents will show whether Marvin Miller has an ownership interest.  Shareholder or director meetings may also reveal whether Marvin Miller receives income or

4

compensation and, possibly, whether he helped form the company and has an ownership interest. Thus, the requested materials are relevant.

Also the request is limited to those documents generated after January 1, 2002. The United States filed this case in January of 2002, and it received a judgment in 2003. As a consequence, it is reasonable for the United States to seek funds to satisfy its judgment starting from the year in which it filed its case. Because the United States limits the subpoena to matters after January 1, 2002, this concern appears to be alleviated.[3] This request is not a situation where failure to provide a time limit makes the subpoena over broad. E.g. Bonutti, 2005 WL 2848441 at 3. Thus, the subpoena appropriately limits itself in time and particularity by seeking only documents that would reveal financial information after the birth date of this lawsuit.[4]

Finally, Knox argues that the United States is engaging in a "fishing expedition" to find tax liability with regards to Knox. Knox bases this argument on the fact that the subpoena requests some information that the United States already possess, specifically tax returns. However, this Court does not find this fact alone suggests the United States is engaging in a "fishing expedition" to determine Knox's tax liability. Knox fails to specifically articulate, and this Court fails to see, how a request for tax returns covered by the subpoena proves that the United States is inappropriately investigating Knox. Simply put, without more articulation and

---

[3] Knox does question how all of the minutes of shareholder meetings, even those from over 20 years ago may be relevant. However, again, some of those documents may indicate when and how Marvin Miller was given income or compensation, and Knox fails to indicate how the request for shareholder or director minutes, even if the request spans 20 years, would be burdensome.

[4] The breadth of the request should also be drastically limited by only seeking documents from the past five years. However, as previously stated, because Knox has not provided this Court with any approximate numbers of documents that the subpoena seeks, it is impossible for this Court to make a solid conclusion with regards to the subpoena's breadth.

evidence to support Knox's allegation, this Court cannot determine that the United States is engaging in a "fishing expedition."

In sum, Knox has failed to present any evidence or to articulate with any specificity how the request is unduly burdensome. On its face, the subpoena appears to be limited by a reasonable time frame, articulated with particularity, and seeks relevant information. The subpoena does not appear to be an improper attempt to investigate Knox for tax liability. Knox's motion to quash is **DENIED**. Knox's only remaining arguments pertain to its response to the United States motion to show cause.

      C.      The United States Motion to Show Cause

Under Fed. R. Civ. P. 45(b)(1), notice of any commanded production of documents and things before trial shall be served on each party in a manner prescribed by Fed. R. Civ. P. 5(b). Under Fed. R. Civ. P. 5(b)(2), service can either be made by mailing a copy to the last known address of the person served or service by hand delivery. In the present case, Knox argues that the United States has presented no evidence of whether Defendant Marvin Miller was either mailed or hand delivered a copy of the subpoena.

The purpose of the notice requirement of Fed. R. Civ. P. 45(b)(1) is to afford other parties an opportunity to object to the production or inspection. Wright & Miller, Federal Practice & Procedure 2d § 2457 (1995). Even though the United States has failed to provide any evidence that it affirmatively served Defendant Marvin Miller,[5] Knox's argument fails because it appears that Marvin Miller received notice of the subpoena. Marvin Miller responded to the

---

[5]This Court notes that the United States has submitted as evidence Marvin Miller's response to the subpoena, but the United States has not provided any evidence that some person served Marvin Miller or that Marvin Miller was mailed a copy of the subpoena.

subpoena and he appeared in person for the in-court hearing regarding the subpoena.  These facts necessarily implicate that Marvin Miller had knowledge of the subpoena.  See Phalp v. City of Overland Park, Kansas, 2002 WL 1162449 at 3 (D. Kan. 2002).  Therefore, any defect caused by the United States's failure to serve the subpoena on Marvin Miller has been cured.

Knox argues that Marvin Miller's response cannot constitute evidentiary proof and cites the case of Miller v. United States, 150 F.3d 770 (7th Cir. 1998).  In that case, the United States issued a summons pursuant to 26 U.S.C. § 7602 rather than a subpoena pursuant to Fed. R. Civ. P. 45.  Id. at 771.  To obtain enforcement of a tax summons, United States v. Powell, 379 U.S. 48 (1964) requires the IRS to prove it complied with four requirements.  Id. at 772.  Usually, the United States submits an affidavit from the revenue agent that it met the four Powell requirements, but they failed to do so in Miller.  Id.  The 7th Circuit found that the United State's counterclaim did not constitute a form of evidence to satisfy the United States's burden of proof to establish the Powell requirements.  Knox argues the same principle applies in this case because the United States failed to offer evidence to prove that the subpoena was properly served on Marvin Miller and that Marvin Miller's response, in accordance with Miller, is the equivalent of a pleading and cannot be used as evidence that Miller received notice of the subpoena.

First, Miller stated that a counterclaim was a pleading and had no evidentiary value.  Fed. R. Civ. P. 7(a) provides that the pleadings consist of an a complaint, an answer, a reply to a counterclaim, an answer to a cross claim, or a third party pleading.  Marvin Miller's response was an objection to a subpoena, not a pleading.  Furthermore, Marvin Miller's response in this case was not even filed with this Court.  Thus, the reasoning from Miller does not apply to this case.  Marvin Miller's response is not the equivalent of a pleading and may be used as evidence.

7

Furthermore, the reason why evidence is needed in this case distinguishes it from <u>Miller</u>. In <u>Miller</u>, <u>Powell</u> specifically established that the United States had the burden of proof in order to enforce the summonses. As a result, the United States had to present evidence to satisfy its burden to enforce the summonses. However, in the present case, the United States did not need to present evidence that Marvin Miller was served with the subpoena to enforce the subpoena, but rather, the United States only needed this evidence to establish that Marvin Miller received notice of the subpoena so that he had an opportunity to object. This Court is not aware of any authority, and Knox has cited none, that stands for the proposition that a subpoena is invalid because a party who has notice of a subpoena did not receive that notice via proper service. Consequently, while the United States did not submit evidence to establish that Marvin Miller received service, this Court concludes Marvin Miller did receive notice because he responded to the subpoena and he appeared at the in-court hearing to challenge the subpoena. Because Marvin Miller was afforded an opportunity to challenge the subpoena, and did so, any failure by the United States to provide evidence that Marvin Miller was served with the subpoena is harmless.

Next, Knox argues that because none of the boxes on the subpoena next to "YOU ARE COMMANDED" were checked, the subpoena is invalid. This is form over substance. Knox cannot seriously argue that the failure to check a box invalidates the subpoena. Nor has Knox cited any authority for this absurd and frivolous argument. It is clear from the face of the subpoena what Knox's responsibilities are, even if the boxes were not checked. The language on the form is bold and clearly cognizable. Furthermore, the United States explained its requests in

8

detail on another page of the subpoena. This Court finds no error from the fact that boxes were not checked or marked on the subpoena.

Finally, Knox makes a lengthy procedural argument. Knox claims that it cannot be found in contempt at this point unless this Court has ruled on a motion to compel. And, because the United States filed a motion for an order to show cause, this Court cannot find Knox in contempt until the United States files a motion to compel.

This Court will alleviate Knox of its concerns by providing it with one more opportunity to comply with the command of the subpoena. Therefore, having addressed Knox's objections, this Court orders Knox to comply with the subpoena by **January 29, 2007**. If Knox fails to comply with the subpoena by that date, the United States may then file another motion seeking contempt for Knox's failure to comply with this order. The Court will then address the issues presented in that motion at that time.

### III.   CONCLUSION

For the reasons stated, Knox's motion to quash is **DENIED** [Doc. No. 47] and Knox is **ORDERED** to fully comply with the subpoena by **January 29, 2007**. Knox is cautioned that if it fails to comply with the subpoena and this order, then this Court may certify a report for a finding of contempt pursuant to 28 U.S.C. § 636(e)(6).

**SO ORDERED.**

Dated this 19th Day of January, 2007.

S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge